UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| BRUCE M. COOPER, JOHN W. ROMITO, ROY L. BAKER, and WHITNEY TAYLOR THOMPSON, Individually and on Behalf of All Other Persons Similarly Situated,<br>        Plaintiffs,<br><br>     v.<br><br>CHARTER COMMUNICATIONS, INC. and CHARTER COMMUNICATIONS ENTERTAINMENT, LLC,<br>        Defendants | Civil Action No. 12-10530-MAP |

**SECOND AMENDED COMPLAINT**

Plaintiffs, Bruce M. Cooper, John W. Romito, Roy Baker, and Whitney Taylor Thompson (together "Plaintiffs"), by their attorneys, allege the following on behalf of themselves and all others similarly situated ("the Class"), on information and belief based, *inter alia*, upon the investigation of their counsel, except as to those allegations which pertain to the named Plaintiffs or their attorneys, which are alleged on personal information and belief. Named as Defendants are Charter Communications, Inc. and Charter Communications Entertainment I, LLC ("Charter" or "Defendants").

**NATURE OF THE ACTION**

Defendants are businesses that provide cable television, Internet, and telephone services to residential and business customers in Massachusetts and many other states. Charter's customers are billed monthly, in advance, for cable television, Internet, and/or telephone services. From approximately October 29, 2011 through approximately December 31, 2011 (the "Relevant Period"), Defendants knew or should have known that they did not provide tens if not

1

hundreds of thousands of their customers with cable television, Internet and/or telephone services. Despite knowing that they did not provide their customers with cable television, Internet, and/or telephone services during at least a portion of the Relevant Period, Defendants failed to give all of their customers a credit, refund, or rebate for the cable television, Internet, and/or telephone services not provided to them. Plaintiffs bring this class action Complaint on their own behalf and on behalf of all other individuals in Massachusetts who were damaged as a result of Defendants charging them in advance for cable television, Internet, and/or telephone services; failing to provide them with cable television, Internet and/or telephone services during at least a portion of the Relevant Period; and/or failing to give them a credit, refund, or rebate for cable television, Internet, and/or telephone services during the Relevant Period. Plaintiffs seek damages to compensate themselves and the Class.

## **PARTIES**

1. Bruce M. Cooper is, and at all relevant times was, a resident of 12 Abbey Lane, East Longmeadow, Massachusetts.

2. John W. Romito is, and at all relevant times was, a resident of 64 Kibbe Road, East Longmeadow, Massachusetts.

3. Roy L. Baker is, and at all relevant times was, a resident of 43 Sandra Road, Easthampton, Massachusetts.

4. Whitney Taylor Thompson is, and at all relevant times was, a resident of 190 Mapleshade Avenue, East Longmeadow, Massachusetts.

5. Defendant, Charter Communications, Inc. is a corporation with a principal place of business at 12405 Powerscourt Drive, Suite 100, St. Louis, MO 63131.

6. Defendant, Charter Communications Entertainment I, LLC is a Delaware limited liability company with a principal place of business in Massachusetts.

## BACKGROUND FACTS

7. Charter is a Fortune 500 company and the fourth-largest cable operator in the United States.

8. Charter is in the business of providing cable television, Internet, and telephone services to residential and business customers in Massachusetts.

9. Charter's customers, including Plaintiffs, subscribe to cable television, Internet, and/or telephone services on a month-to-month or other term basis.

10. Charter's customers, including Plaintiffs, are billed monthly, in advance, for cable television, Internet, and/or telephone services that they selected.

11. Charter's customers, including Plaintiffs, who pay for the cable television, Internet, and/or telephone services that they selected are entitled to receive the services that they paid for.

12. On or about October 29, 2011, a snow storm hit Massachusetts and other states throughout New England.

13. As a direct or indirect result of the snow storm, there was extensive tree damage, downed power lines, downed cable lines, downed drop lines (the lines from the home to the street), and many impassable roads.

14. The extent of the damage varied within each state but at least six hundred thousand (600,000) residences lost power in Massachusetts.

15. At least ninety-five thousand (95,000) Charter customers in Massachusetts, including Plaintiffs, lost power.

16. Without power to its customers' homes and businesses Charter was unable to provide its customers with cable television, Internet, and telephone services that its customers previously paid for.

17. Even with power to its customers' homes and/or businesses through such means as a generator, Charter was unable to provide some of its customers with cable television, Internet, and telephone services that its customers previously paid for.

18. Even after power was restored to its customers' homes and/or businesses, Charter was still unable to provide some of its customers with the cable television, Internet, and/or telephone services that they previously paid for.

19. During at least a portion of the Relevant Period, Charter failed to provide many of its customers, including Plaintiffs, with cable television, Internet, and/or telephone services.

20. At all relevant times, Charter knew or should have known that it failed to provide its customers with cable television, Internet and/or telephone services during at least a portion of the Relevant Period.

21. Despite knowing that it failed to provide its customers with cable television, Internet, and/or telephone services during at least a portion of the Relevant Period, Charter charged its customers for cable television, Internet, and/or telephone services.

22. Despite knowing that it failed to provide its customers with cable television, Internet, and/or telephone services during at least a portion of the Relevant Period, Charter failed to automatically give any of its customers a credit, refund, or rebate unless they reported the service interruption to Charter.

23. Despite knowing that it failed to provide its customers with cable television, Internet, and/or telephone services during at least a portion of the Relevant Period, Charter failed to give

all of its customers a credit, refund, or rebate for cable television, Internet, and/or telephone services.

24.   Massachusetts General Laws chapter 166A, section 5 provides as follows:  "In the event its services to any subscriber is interrupted for twenty-four or more consecutive hours, it will grant such subscriber a pro rata credit or rebate."

25.   Plaintiffs and the Class were "subscribers" of Defendant's cable television, Internet, and/or telephone services during the Relevant Period.

26.   Plaintiffs and the Class had their cable television, Internet, and/or telephone services interrupted for more than twenty-four consecutive hours during the Relevant Period.

27.   Charter did not give Plaintiffs and the Class a full credit, refund, or rebate for their cable television, Internet, and/or telephone services during the Relevant Period.

28.   The majority, if not all, of Charter's licenses with the various cities and towns in Massachusetts have provisions that specifically refer to subscribers such as Plaintiffs and the Class and address pro rata credits or rebates for cable television service interruptions.  *See, e.g.*, **Exhibit A** (Town of East Longmeadow Renewal Cable Television License) ¶ 9.3, attached hereto and made a part hereof.

29.   The provisions identified in the previous paragraph typically have language that is very similar to the language contained in M.G.L. ch. 166A, § 5; in essence, they provide that, in accordance with applicable law, in the event that service to any subscriber is interrupted for twenty-four (24) or more consecutive hours, the Licensee shall grant such subscriber a pro rata credit or rebate.  *See, e.g.*, **Exhibit A**.

30.   The parties to the licenses indentified in the previous two paragraphs clearly and definitely intended subscribers, including Plaintiffs and the Class, to benefit from the promised

provisions that specifically address pro rata credits or rebates for service interruptions. *See, e.g.*, **Exhibit A**.

31.   The Massachusetts Office of Consumer Affairs and Business Regulation ("OCABR") recently posted a "Cable TV Consumer Bulletin: Severe Storms" (hereinafter "the bulletin") on its website.  (A copy of the bulletin is attached hereto as **Exhibit B** and made a part hereof)

32.   In pertinent part, the bulletin reminds consumers, such as Plaintiffs and the Class, and cable operators, such as Charter, of their rights and responsibilities under Massachusetts law with regard to either pro rata credits or rebates for service interruptions of twenty-four hours or more:

> **Chapter 166A, Section 5(l) of Massachusetts General Laws *requires* cable operators to grant subscribers a pro-rata credit or rebate for service interrupted for 24 or more consecutive hours.  Also, even if an entire tier of cable services is out for 24 hours – but not the whole service – the operator *must still grant* the credit.**

(*See* **Exhibit B** (emphasis added).)

33.   OCABR goes even further in the bulletin and reminds cable operators and consumers that "[s]evere storms are widely publicized in the media" and "[a]t such times, consumers who are without service because of the storm do not need to call their cable operator."  (*See* **Exhibit B** (emphasis added).)

34.   More than thirty days prior to adding a claim under Massachusetts General Laws, chapter 93A, Plaintiffs made a written demand for relief on Charter.  *See* **Exhibit C** attached hereto and made a part hereof.

## CLASS ACTION ALLEGATIONS

35.   This action is brought pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure and/or Rule 23 of the Federal Rules of Civil Procedure.

36. The Class includes all persons residing in Massachusetts who paid Charter for cable television, Internet and/or telephone services; did not receive the cable television, Internet and telephone services that they paid for; and/or were not given a full credit, refund, or rebate for cable television, Internet, and/or telephone services not provided.

37. Plaintiffs reserve the right to modify the class definition before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery reveals that modifying the class definitions and/or seeking additional subclasses would be appropriate.

38. Plaintiffs bring this action on their own behalf and on behalf of a Class of all others similarly situated. The Class Period is limited to the applicable statute of limitations for claims at issue and runs until the date of entry of final judgment in this action.

39. The Class is composed of tens if not hundreds of thousands of people, the joinder of whom is impracticable except by means of a class action. The disposition of their claims in a class action will benefit the parties and the Court. Defendants provide cable television, Internet, and telephone services to hundreds of thousands of people in Massachusetts, and thus the Class is sufficiently numerous to make joinder impracticable, if not completely impossible.

40. There is a well-defined community of interest in the questions of law and fact involving and affecting the parties to be represented. Common questions of law and fact exist and such common questions predominate over any questions of law or fact which may affect only individual Class members. Such common questions include but are not limited to the following:

    a. Whether Defendants violated Massachusetts General Laws ch. 93A, § 2, through their common course of unfair or deceptive conduct alleged herein;

    b. Whether, by reason of Defendants' violations of M.G.L. c. 93A, Plaintiffs and the Class are entitled to recover actual or statutory damages;

      c.     Whether, by reason of Defendants' violations of M.G.L. c. 93A, Defendant should be required to either credit, refund, or rebate all sums which Plaintiffs and the Class paid for cable television, Internet, and telephone services during the Relevant Period, or disgorge all profits which they made during the Relevant Period;

      d.     Whether Defendants breached the implied covenant of good faith and fair dealing;

      e.     Whether Defendants were unjustly enriched at the expense of Plaintiffs and the Class; and

      f.     The nature and extent of any additional relief which the Class is entitled to recover under M.G.L. c. 93A and/or the common law.

41.    Plaintiffs assert claims that are typical of the claims of the entire Class.

42.    Plaintiffs and their attorneys will fairly and adequately represent and protect the interest of the Class.  Plaintiffs have no interests antagonistic of those of the Class.  Plaintiffs have retained counsel who are competent and experienced in class action litigation.

43.    Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making final relief concerning the Class as a whole appropriate.

44.    Plaintiffs and the Class have suffered injury and damages as a result of Defendants' wrongful conduct as alleged herein. Absent a class action, the Class will continue to suffer injury, thereby allowing these alleged violations of law to proceed without remedy, and allowing Defendants to retain the proceeds of their ill-gotten gains.

45.    Plaintiffs anticipate that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I – Breach of Contract

46. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

47. Plaintiffs and the Class had contracts and/or implied contracts with Defendants to provide them with cable television, Internet and/or telephone services in exchange for payments.

48. Plaintiffs and the Class performed according to such contracts and/or implied contracts by paying, in advance, for their cable television, Internet and/or telephone services.

49. Plaintiffs and the Class are third-party beneficiaries of Defendants' licenses with various cities and towns in Massachusetts.

50. The parties to the licenses clearly and definitely intended subscribers, including Plaintiffs and the Class, to benefit from the promised provisions that specifically address pro rata credits or rebates for service interruptions. *See, e.g.*, **Exhibit A**.

51. Defendants failed to perform according to either (i) their contracts and/or implied contracts with Plaintiffs and/or (ii) their licenses with various cities and towns in Massachusetts by, among other things:

   a. failing to provide Plaintiffs and the Class with cable television, Internet and/or telephone services during at least a portion of the Relevant Period;

   b. charging Plaintiffs and the Class for cable television, Internet, and/or telephone services not provided during at least a portion of the Relevant Period; and

   c. failing to give Plaintiffs and the Class a full credit, refund, or rebate for cable television, Internet, and/or telephone services not provided during at least a portion of the Relevant Period.

52. Plaintiffs and the Class have suffered injury, been damaged, and lost money.

53. Plaintiffs and the Class are entitled to damages.

## COUNT II – Breach of Implied Covenant of Good Faith and Fair Dealing

54. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

55. There is implied in all contracts in Massachusetts the covenant of good faith and fair dealing.

56. Defendants breached the covenant of good faith and fair dealing and the duties owed to Plaintiffs and the Class by their actions and/or inactions, including but not limited to the following:

   a. failing to provide Plaintiffs and the Class with cable television, Internet and/or telephone services during at least a portion of the Relevant Period;

   b. charging Plaintiffs and the Class for cable television, Internet, and/or telephone services not provided during at least a portion of the Relevant Period; and

   c. failing to give Plaintiffs and the Class a full credit, refund, or rebate for cable television, Internet, and/or telephone services not provided during at least a portion of the Relevant Period.

57. Defendants were unjustly enriched.

58. Plaintiffs and the Class are entitled to damages.

## COUNT III – Unjust Enrichment

59. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

60. Defendants' practices resulted in Plaintiffs and the Class being charged for cable television, Internet, and telephone services during the Relevant Period.

61. The monies paid by Plaintiffs and the Class to Defendants conferred substantial benefits upon Defendant.

62. Defendants knew of the benefits conferred upon them by Plaintiffs and the Class.

63. Defendants appreciated the benefits conferred upon them by Plaintiffs and the Class.

64. Defendants accepted the benefits conferred upon them by Plaintiffs and the Class.

65. Defendants retained the benefits conferred upon them by Plaintiffs and the Class by failing to give its customers a credit, refund, or rebate for cable television, Internet, and/or telephone services during the Relevant Period that it knew it could not and actually did not provide.

66. Defendants' acceptance and/or retention of such benefits under the foregoing circumstances is inequitable.

67. Defendants were unjustly enriched.

68. Plaintiffs and the Class sustained damages.

## COUNT IV – Money Had and Received

69. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

70. Plaintiffs and the Class paid money to Defendants.

71. The money paid by Plaintiffs and the Class to Defendants was accepted and retained by Defendants.

72. In equity and good conscious the money should be returned to Plaintiffs and the Class.

## COUNT V – (Massachusetts General Laws, chapter 93A)

73. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

74. Plaintiffs and the Class are persons.

75. Defendants were engaged in trade or commerce.

76. Plaintiffs and the Class entered into consumer transactions with Defendants.

77. Defendants engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices, in the conduct of trade or commerce.

78. Defendants' acts, practices, and conduct were willful and knowing violations and invaded the rights of Plaintiffs and the Class to be free from deceptive business practices.

79. More than thirty days prior to adding a claim under Massachusetts General Laws, chapter 93A, Plaintiffs made a written demand for relief on Defendants. *See* **Exhibit C** attached hereto and made a part hereof.

80. As a proximate and foreseeable consequence of Defendants' violations, Plaintiffs and the Class sustained damages.

## COUNT VI – (Declaratory Judgment)

81. Plaintiffs reassert and incorporate herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

82. An actual controversy exists within the meaning of Massachusetts General Laws chapter 231A and/or 28 U.S.C. § 2201, as set forth in the preceding paragraphs of this Complaint, with regard to at least the following:

   a. whether Massachusetts General Laws chapter 166A, § 5 requires Defendants to provide Plaintiffs and the Class with pro-rata credits or rebates for service interruptions of 24 or more consecutive hours to their cable television services;

   b. whether Massachusetts General Laws chapter 166A, § 5 requires Plaintiffs and the Class to report the service interruptions prior to becoming entitled to the

           pro-rata credits or rebates for service interruptions of 24 or more consecutive hours to their cable television services; and/or

      c. whether Defendants' violations of Massachusetts General Laws chapter 166A, § 5 with regard to Plaintiffs and the Class constitute a per se violation of Massachusetts General Laws chapter 93A.

83. Defendants' acts as set forth in the preceding paragraphs of this Complaint have caused Plaintiffs and the Class to suffer harm.

84. The Court should issue appropriate declaratory relief.

## CLAIMS FOR RELIEF

Wherefore, Plaintiffs and the Class respectfully request that the Court:

A. Certify this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure and designate Plaintiffs as the representatives of the Class;

B. Determine the damages sustained by Plaintiffs and the Class as a result of Defendants' violations of M.G.L. c. 93A, § 9(2) and common law, and award any actual damages proved or statutory damages in the amount of $25.00 per class member, whichever is greater, tripled, and direct that Defendants either (a) refund all sums paid by Plaintiffs and the Class for cable television, Internet, and/or telephone services not provided to them during the Class Period, or (b) disgorge all profits which Defendants made on account of any such payments for cable television, Internet, and/or telephone services not provided to Plaintiffs and the Class during the Class Period;

C. Determine the damages sustained by Plaintiffs and the Class as a result of Defendants' violations of law, and award any actual damages proved and direct that Defendant either (a) refund all sums paid by Plaintiffs and the Class for cable television, Internet, and/or

telephone services not provided during the Relevant Period, or (b) disgorge all profits which Defendant made on account of any payments made by Plaintiffs and the Class for cable television, Internet, and/or telephone services not provided during the Relevant Period;

  D. Award Plaintiffs and the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, expenses and costs;

  E. Award pre-judgment and post-judgment interest as provided by law;

  F. Enter appropriate declaratory relief in favor of Plaintiffs and the Class pursuant to Massachusetts General Laws chapter 231A and/or 28 U.S.C. § 2201; and

  G. Grant Plaintiffs and the Class such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury on all issues so triable.


Dated: September 28, 2012    By their attorneys,

               **/s/ Jeffrey S. Morneau**_____
               Jeffrey S. Morneau, Esquire (BBO# 643668)
               **/s/ Nathan A. Olin**_____
               Nathan A. Olin (BBO# 630580)
               CONNOR, MORNEAU & OLIN, LLP
               73 State Street, Suite 310
               Springfield, Massachusetts 01103
               Tel: (413) 455-1730
               Fax: (413) 455-1594
               jmorneau@cmolawyers.com
               nolin@cmolawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that the this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

                                        **/s/ Jeffrey S. Morneau**
                                        Jeffrey S. Morneau, Esquire