UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRUCE M. COOPER et al., | ) | |
|     Plaintiffs | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-10530-MGM |
| | ) | |
| CHARTER COMMUNICATIONS, INC. | ) | |
| et al., | ) | |
|     Defendants | ) | |

ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER ON PLAINTIFFS'
SECOND RULE 30(b)(6) DEPOSITION NOTICE AND ON PARTIES' JOINT SUBMISSION
REGARDING PROPOSED PLANS FOR RULE 30(b)(6) DEPOSITION
(Dkt. Nos. 170 and 206)

ROBERTSON, M.J.

I.    INTRODUCTION

On December 10, 2015, the undersigned conducted a hearing on multiple discovery

motions – and oppositions thereto – filed by both sides in this litigation (Dkt. Nos. 159-164, 170-

171, 173, 176-191).  Generally, plaintiffs' motions sought to compel discovery, while

defendants' filings resisted providing requested discovery.  At the hearing, the parties agreed

that, as a next step in discovery, plaintiffs would take five depositions that they had previously

noticed, including a second Rule 30(b)(6) deposition of Charter Communications, Inc. and

Charter Communications Entertainment, LLC (collectively, "Charter").  This order contains the

court's rulings on the parties' disputes about the topics listed for deposition testimony in

Schedule A to Plaintiff's November 6, 2015 Rule 30(b)(6) deposition notice, as narrowed (Dkt.

No. 206).

II.    RELEVANT BACKGROUND

On November 6, 2015, Plaintiffs served a notice for a second Rule 30(b)(6) deposition of

Charter, setting a deposition date of November 23, 2015.  On November 20, 2015, Charter filed

an emergency motion for a protective order to stay the Rule 30(b)(6) deposition (Dkt. No. 168)
and a separate motion for a protective order seeking to substantially limit the scope of the Rule
30(b)(6) deposition (Dkt. No. 170).  After hearing, the court allowed Charter's emergency
motion to stay the deposition because it was apparent that Charter could not produce a properly
prepared corporate designee on November 23, 2015 (Dkt. No. 174).  The court directed the
parties to confer on the scope of Plaintiffs' Rule 30(b)(6) deposition of Charter and deferred
ruling on Charter's motion to limit the scope of the Rule 30(b)(6) deposition pending the filing
by Plaintiffs of an opposition thereto, and a December 10, 2015 hearing on, among others,
Charter's motion to limit the scope of the second Rule 30(b)(6) deposition.  In Plaintiff's
opposition to Charter's motion for a protective order, Plaintiffs proposed to narrow or eliminate a
number of the matters set forth in Schedule A the November 6th notice (Dkt. Nos. 187, 188-2).
Charter offered no such proposal in writing.  Instead, Charter's counsel arrived at the December
10th hearing with a "plan" as to Charter's response to the Rule 30(b)(6) deposition notice about
which he apparently had not conferred in advance with Plaintiffs.

     The parties have now filed a Joint Submission Regarding Proposed Plans for Rule
30(b)(6) Deposition ("Joint Submission"), setting forth the matters for deposition testimony on
which they have, and have not, been able to agree (Dkt. No. 206).  Having carefully reviewed the
Joint Submission and the parties' prior filings regarding the appropriate scope of topics listed for
testimony at the second Rule 30(b)(6) deposition of Charter (Dkt. Nos. 170, 171, 187, and 188
through 188-3), the court rules as follows on the points of disagreement in the Joint Submission.

    III.   <u>RULINGS</u>

    1.  <u>Topics  11, 12, 14, 15, 16, 18, 19, 21, 22, 26, 28, 30, 31, and 32</u>

Charter objects to producing a Rule 30(b)(6) deponent to provide testimony responsive to topics 11, 12, 14, 15, 16, 18, 19, 21, 22, 26, 28, 30, 31, and 32 as narrowed because Charter "believes" that these topics "seek more detail than appropriate for a Rule 30(b)(6) deposition." Charter has cited no authority for its belief, with which the court disagrees.  A party noticing the deposition of an organization is required "to describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  The notice, as narrowed, does so.  Generally and as narrowed, these topics seek information about outages and service interruptions during discrete periods associated with major weather events in Massachusetts from January 1, 2008 through 2013.  These topics are directly relevant to the claims of Plaintiffs and putative class members and constitute important discovery for purposes of Plaintiffs' motion for class certification. While Charter objected in boilerplate fashion in its motion for a protective order that a number of the matters in Schedule A to the November 6th deposition notice were overbroad and unduly burdensome, Charter has not met its burden of showing by affidavit or otherwise that providing testimony on the topics as narrowed would be unduly burdensome.  *See, e.g., Bourne v. Arruda*, Civil No. 10-cv-393-LM, 2012 WL 1107694, *4 (D.N.H. Apr. 2, 2012) (party resisting discovery has burden of showing how providing complete responses would impose excessive burden).[1]  To the extent Charter's position is that it cannot know the information sought by one or more of these topics, its Rule 30(b)(6) deponent(s) may so testify.  Charter shall prepare a

---

[1] Any attempt by Charter after this ruling issues to demonstrate that providing testimony responsive to topics 11, 12, 14, 15, 16, 18, 19, 21, 22, 26, 28, 30, 31, and 32, as narrowed, would be unduly burdensome would come too late.  To the extent Charter might claim that it would be unduly burdensome to proffer Rule 30(b)(6) testimony on these topics as narrowed, it had an obligation to make that showing in the Joint Submission.  It should not be permitted to further delay discovery in this case.  *See Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) (party may not advance new argument on motion for reconsideration); *Borden v. Sec. of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (party must raise all arguments in first instance before magistrate judge).

Rule 30(b)(6) deponent to testify in response to topics 11, 12, 14, 15, 16, 18, 19, 21, 22, 26, 28, 30, 31, and 32 as those topics are set forth in the Joint Submission (Dkt. No. 206 at 4-6).

    2. <u>Topic 37</u>

Charter shall provide the proposed sworn affidavit no later than two weeks prior to the taking of the Rule 30(b)(6) deposition identifying the year, make, and model of the equipment listed on screenshots Charter previously produced of the equipment history for each of the named Plaintiffs' accounts.

    3. <u>Topic 38</u>

Charter shall produce a deponent prepared to testify about topic 38, limited, however, to Massachusetts.  While Plaintiffs have articulated credible reasons for seeking this information nationwide, its production is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

    4. <u>Topic 5</u>

Topic 5, as narrowed (Dkt. No. 206 at 9), seeks testimony about the facts, circumstances and evidence that support Charter's affirmative defenses 5, 6, 7, 18, 19, 21, 24, 35, 38, and 39. "While asking a 30(b)(6) witness about facts is entirely appropriate, the lay witness should not be expected to testify as to how any such facts form the basis of a legal affirmative defense. [D]epositions, including 30(b)(6) depositions, are designed to discover facts . . . not legal theories[.]" *Neponset Landing Corp. v. The Nw. Mut. Life Ins. Co.*, 279 F.R.D. 59, 61 (D. Mass. 2011) (citation omitted); *see also Fid. Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63 (D. Mass. 2011) (directing that Rule 30(b)(6) deponent would respond to written deposition questions about bases for affirmative defenses because of difficulty of separating facts from legal conclusions).

Affirmative defenses 5, 6, 18, 21, 24, 38, and 39 are based on asserted interpretations of the service agreements between Charter and its customers, or raise legal arguments that are not, to a significant extent, fact dependent.  Questions about the facts, circumstances, and evidence supporting these defenses would almost certainly – and quickly – stray into the forbidden territory of a lawyer's mental impressions.  Accordingly, Charter is not required to tender a Rule 30(b)(6) witness to testify to the facts, circumstances, and evidence supporting affirmative defenses 5, 6, 18, 21, 24, 38 and 39.  *See Neponset Landing Corp.*, 279 F.R.D. at 60-61. Affirmative defenses 7 and 19 are based on factual contentions, but these facts are adequately addressed by other Rule 30(b)(6) topics identified by Plaintiffs.  Charter is not required separately to prepare its witness(es) to address how facts, circumstances, and evidence support these affirmative defenses.  *See id.*

Affirmative defense 35 has a factual basis: that there are arbitration provisions in Charter's service agreements with Plaintiffs and/or putative class members that bar recovery in this action.  Plaintiffs are entitled to discover factual information underlying the affirmative defense that claims made by Plaintiffs or putative class members are or would be barred by individual arbitration provisions.  *See Dunkin Donuts Franchised Rests. v. Agawam Donuts, Inc.*, Civil Action No. 07-11444-RWZ, 2008 WL 427290, at *1-2 (D. Mass. Feb. 13, 2008).  So far as appears from the Joint Submission, testimony on this topic by a Rule 30(b)(6) deponent would not be duplicative of other discovery by Plaintiffs and it is a topic appropriately addressed by a corporate representative.  Accordingly, Charter must tender a Rule 30(b)(6) deponent who can testify about individual arbitration agreements between Charter and its Massachusetts customers.

5.   Topics 23 and 25

Topics 23 and 25, as narrowed by Plaintiffs, require Charter to identify documents and data that it collected or stored related to dropped lines (topic 23) and trouble calls (topic 25) during discrete and limited periods of time in 2008-2009, 2011, 2012 and 2013.  This information is directly relevant to Plaintiff's claims and to a motion for class certification.  Again, Charter has not shown that providing the requested testimony would be unduly burdensome.  Charter shall prepare a Rule 30(b)(6) deponent to testify on these topics.

      6.   <u>Temporal scope of Rule 30(b)(6) deposition</u>

The operative amended complaint in this case covers a period from January 1, 2008 to the present.  Charter has suggested that the amended complaint does not, as a matter of law, relate back to 2008, and that there should, therefore, be a temporal limitation on the scope of the testimony taken at this second Rule 30(b)(6) deposition.  Charter proposes that it will produce its witnesses to testify for the period from 2011 to the present and will file a motion on the statute of limitations issue following the completion of the five depositions that the parties have agreed should go forward (Dkt. No. 206 at 11).  Plaintiffs object that Charter's approach potentially requires Plaintiffs to take two Rule 30(b)(6) depositions on the topics identified in the amended November 6th notice, further delaying completion of fact discovery.

For by far the majority of the topics that remain in dispute between the parties, Plaintiffs have identified a single limited period of time prior to 2011 – that being December 10, 2008 through January 9, 2009 – as relevant for purposes of the Rule 30(b)(6) deposition (*id*. at 4-6).  Charter's proposal for a phased process risks creating additional and unnecessary delays in moving this case towards resolution.  Charter has not shown that it would be unduly burdensome to prepare its corporate deponents to provide testimony about the December 10, 2008 to January 9, 2009 time frame identified as to most of the disputed topics.  Furthermore, Charter could have

raised its statute of limitations contention earlier in these proceedings, including in its opposition to Plaintiffs' motion to file their fourth amended complaint.  It did not do so.  The procedure Charter now proposes would require Plaintiffs to move for leave to take any further Rule 30(b)(6) deposition testimony on the matters identified in the amended November 6th notice even if Charter's statute of limitations contention ultimately fails (*id.*).  Charter has had ample opportunity to advance the argument that claims asserted based on events prior to 2011 would be untimely.  Charter cannot limit the scope of discovery based on a representation that it intends to raise this legal issue at some point in the future.  Charter shall, therefore, prepare its deponents to testify to the period from January 1, 2008 (or, as stated in the amended November 6th notice, to discrete periods beginning with December 10, 2008 to January 9, 2009) to the present.

Plaintiffs' second Rule 30(b)(6) deposition of Charter shall be scheduled on a mutually convenient date prior to February 5, 2016.

IV.    CONCLUSION

Charter's Motion for Protective Order on Plaintiffs' Second Rule 30(b)(6) Deposition Notice is allowed in part and denied in part on the terms set forth in this order.

IT IS SO ORDERED.

Dated:  January 12, 2016                     /s/ Katherine A. Robertson
                                             KATHERINE A. ROBERTSON
                                             U.S. MAGISTRATE JUDGE